UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON DEIVAPRAKASH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CONDE NAST DIGITAL,<br><br>　　　　　Defendant. | Case No. 25-cv-04021-RFL<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 34 |

　　　　The Court previously denied Condé's motion to dismiss.  (*See* Dkt. No. 29 (the "MTD Order").)[1]  In its motion, Condé argued, among other things, that Deivaprakash had not alleged that he suffered an injury sufficient to confer statutory standing under the California Invasion of Privacy Act ("CIPA").  The Court disagreed because Plaintiff had sufficiently alleged a privacy violation:

> Deivaprakash describes how the trackers allow the third parties to generate profiles that reflect users' geographic locations, incomes, and preferences, among other characteristics, and hinder users' ability to remain anonymous as they browse the Internet, and he alleges that the third parties did so with respect to him.

(*Id.* at 6.)  Condé now requests leave to file a motion for reconsideration, arguing that the Court erred in this analysis.  (*See* Dkt. No. 34 (the "Motion").)

　　　　A party may seek leave to file a motion for reconsideration in one of three circumstances. *See* Civil Local Rule 7-9(b).  Condé primarily asserts that the first circumstance applies here: "That at the time of the motion for leave, a material difference in fact or law exists from that

---

[1] All citations to page numbers in filings on the docket refer to ECF page numbers.

which was presented to the Court before entry of the interlocutory order for which reconsideration is sought." *See id.* at 7-9(b)(1). It points to the Ninth Circuit's decision in *Popa v. Microsoft Corporation*, No. 24-14, 2025 WL 2448824 (9th Cir. Aug. 26, 2025), which the Ninth Circuit issued three weeks after Condé filed its reply brief in further support of its motion to dismiss. (*See* Dkt. No. 23.) According to Condé, *Popa* "marked a significant shift in CIPA jurisprudence as it relates to its injury pleading requirement." (*See* Motion at 4.) But *Popa* concerned Article III standing, not statutory standing. *See Popa*, 2025 WL 2448824, at *3 ("This appeal turns on a single issue: whether Popa has alleged a 'concrete' injury sufficient to support Article III standing."). Under *Popa*, a district court must "assess whether an individual plaintiff has suffered a harm that has traditionally been actionable in our nation's legal system," and it may not treat privacy harms as *per se* actionable. *See id.* at *4. Condé offers no argument as to why, under California law, this historical analysis applicable to federal constitutional standing should be grafted onto the statutory interpretation of CIPA. Nor does *Popa* address that issue, as the claims there arose under a Pennsylvania statute and tort law, not CIPA. *See id.* at *2. Thus, *Popa* does not represent a material difference in law from what existed at the time the parties briefed Condé's motion to dismiss.

Moreover, even if *Popa's* Article III historical analysis applied to statutory standing under CIPA, Deivaprakash sufficiently alleged that he suffered a privacy injury. In *In re Facebook, Inc. Internet Tracking Litigation*, 956 F.3d 589 (9th Cir. 2020), the Ninth Circuit held that allegations of data collection performed "in order to receive and compile [the plaintiffs'] personally identifiable browsing history . . . no matter how sensitive or personal" constituted sufficient allegations of injury. *See id.* at 598 (quotation marks omitted); *see also id.* at 599 ("According to Plaintiffs, by correlating users' browsing history with users' personal Facebook profiles[,] . . . Facebook gained a cradle-to-grave profile without users' consent."). In reaching this conclusion, the Ninth Circuit determined that CIPA "codif[ies] a substantive right to privacy" that "ha[d] long been actionable at common law." *See id.* at 598 (citation omitted). *Popa* confirmed that *Facebook* remains good law. Specifically, *Popa* observed that it "need not

revisit" the continued viability of *Facebook*, because Facebook's alleged compilation of "personally identifiable browsing history" demonstrated "individual circumstances giving rise to the plaintiffs' alleged injuries" that satisfied Article III's standing requirements. *See Popa*, 2025 WL 2448824, at *7-8.

*Facebook* controls here. Just as the plaintiffs there brought claims based on the creation of profiles using their internet browsing history, Deivaprakash alleges that internet trackers allowed third parties to generate profiles reflecting his personal information. That privacy injury finds historical analogues in injuries redressable under the common law. Thus, Deivaprakash's alleged injury satisfies the requirements of *Popa*.

Condé also suggests in a footnote that the third circumstance justifying leave to file a motion for reconsideration applies here: "A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." (*See* Motion at 4 n.2); Civil Local Rule 7-9(b)(3). But the parties did not present *Popa* to the Court in their briefing. In any event, the MTD Order explained that Deivaprakash's allegations likely satisfied the requirements of Article III standing under *Popa* and *Facebook*. (*See* MTD Order at 7 n.4.) And as explained above, *Popa* does not actually support any "dispositive legal arguments" raised by Condé in its motion to dismiss because that decision does not implicate statutory standing under CIPA.

Accordingly, the Motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: September 30, 2025

_____
RITA F. LIN
United States District Judge